IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE BRYAN REHAN,

   Plaintiff,

v.

MARYLAND CORRECTIONAL
TRAINING CENTER,

   Defendant.

Civil Action No.: GJH-21-1727

## MEMORANDUM OPINION

Self-represented plaintiff Wayne Bryan Rehan, who is incarcerated at Maryland Correctional Training Center ("MCTC"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Plaintiff's Complaint against MCTC, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that on May 29, 2021, his television was stolen by another inmate. ECF No. 1 at 2. He asserts that correctional officers failed to act after he reported the incident until the inmate's cell was searched on June 11, 2021, by which time the inmate no longer possessed the television. *Id.* When asked, the inmate stated that he had fixed the television on Plaintiff's request and returned it to him. *Id.* Plaintiff claims the television was never returned. *Id.* He seeks monetary compensation for the television, remote, and cable cord, or to be provided a television by MCTC. *Id.* at 3.

For the reasons discussed below, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections

1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Plaintiff fails to identify what constitutional violation serves as the basis for his claim for lost property. To the extent Plaintiff brings a claim under § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment, his claim fails. Plaintiff alleges he informed correctional officers his television had been stolen, but they failed to timely investigate his allegation, allowing the inmate allegedly responsible "to get rid of it." ECF No. 1 at 2. However, a negligent deprivation of property is not actionable under § 1983. *See Kerr v. S.C. Dept of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").[1]

---

[1] Even if Plaintiff alleged an unauthorized intentional deprivation of property by a state employee, his claim would fail as he has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012).

Furthermore, as to the failure to investigate, there is no authority that "construes an investigation into criminal activity as a liberty or property interest subject to due process protection." *Johnson v. Simmons*, 2021 U.S. Dist. LEXIS 53439 at *16 (D. Md. Mar. 22, 2021) (citing *Kerr*, at *2). Indeed, the Fourth Circuit has determined "there is no constitutional protection against prison thefts or any constitutional requirement that prison officials must conduct investigations of such thefts." *Tydings v. Dep't of Corr.*, 714 F.2d 11, 12 (4th Cir. 1983). Therefore, Plaintiff's claim for stolen property fails.

Moreover, Plaintiff has not named a proper defendant in this action. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Naming institutions, such as MCTC, is insufficient to state a claim against a "person" in a § 1983 action. *Harden v. Green*, 27 Fed. App'x. 173, 178 (4th Cir. 2001) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)) (other citations omitted).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike"

under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

A separate order follows.

_9/17/2021_
Date

_____
GEORGE J. HAZEL
United States District Judge